48 F.3d 1218
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES OF AMERICA, Plaintiff--Appellee,
v.
Robert SPRINGS, a/k/a Robert Spriggs, Defendant--Appellant.
 No. 94-5237.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 16, 1995.
Decided March 2, 1995.
 
 John David Grad, Sean C.E. McDonough, Grad, Logan & Klewans, P.C., Alexandria, VA, for appellant. Helen F. Fahey, U.S. Atty., Irvin McCreary Allen, Sp. Asst. U.S. Atty., Alexandria, VA, for appellee.
 Before HAMILTON and MOTZ, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Robert Springs was convicted by a jury of assaulting a correctional officer by means other than use of a dangerous weapon at Lorton Reformatory, in violation of D.C.Code Ann. Sec. 22-505 (1981). He was sentenced as a career offender to serve a term of fifty-seven months consecutive to the sentence he is currently serving. Springs appeals, contending that the district court erred in calculating his career offender guideline range. United States Sentencing Commission, Guidelines Manual Sec. 4B1.1 (Nov.1993). We affirm.
 
 
 2
 Because the statutory maximum sentence for Springs' offense was five years, his offense level was seventeen. USSG Sec. 4B1.1(F). Although defense counsel disputed an adjustment for injury to the officer--which did not affect the final offense level--and Springs personally argued that the prosecution as a whole and the presentence report as a whole resulted from a conspiracy against him, Springs did not contest the calculation of his career offender offense level. On appeal, Springs argues for the first time that the literal application of section 4B1.1 results in an unfairly long sentence, and that an offense level of twelve should have been used. Issues raised for the first time on appeal are reviewed under the plain error standard. United States v. Olano, 61 U.S.L.W. 4421 (U.S.1993) (plain error affecting substantial rights may be considered first on appeal if error seriously affects fairness, integrity, or public reputation of judicial proceedings). We can perceive no plain error in the sentence determination here.
 
 
 3
 The sentence imposed by the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED